IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICA MINTER,

          Plaintiff,

    v.

THE ALBERTELLI FIRM, P.C.,
CALIBER HOME LOANS, INC.,
U.S. BANK TRUST N.A. as Trustee
for LSF8 Master Participation Trust,

        Defendants.

CIVIL ACTION FILE NO.

1:17-CV-01513-WSD-JFK

## **FINAL REPORT AND RECOMMENDATION**

Plaintiff Rica Minter[1] filed a complaint labeled as "Petition for Declaratory

Judgement Pursuant to Rule 57 of the Federal Rules of Civil Procedure" stating that

she disputes the debt (not clearly specified but apparently resulting from a security

interest on 12 Glenmore Lane, McDonough, Georgia 30253) and demands validation

of the debt.  [Complt.].  Pending before the court for a report and recommendation is

a motion [Doc. 5] by Defendants Caliber Home Loans, Inc. ("CHL") and U.S. Bank

---

[1]Plaintiff Minter also identified herself as Administer of the Estate of Richard
Minter Sr. [Doc. 1 ("Complt.")].

AO 72A
(Rev.8/82)

Trust, N.A. ("U.S. Bank") to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.[2]  The motion is unopposed.

When a plaintiff fails to respond to a motion to dismiss a complaint filed pursuant to Fed. R. Civ. P. 12(b), granting the motion based solely on the plaintiff's failure to respond is within the discretion of a district judge.  See Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998); and see LR 7.1B, N.D. Ga. ("[f]ailure to file a response shall indicate that there is no opposition to the motion").  Courts have not, however, as a general rule, automatically granted a motion to dismiss a complaint for failure to file a timely response, when doing so would be dispositive of the litigation.  See, e.g., Tobias v. Georgia Dept. of Corrections, 2009 WL 255632, at *1 (N.D. Ga. February 3, 2009).  Therefore, the court has reviewed the merits of the pending motion. [Doc. 5].

## I.    Facts

The facts relevant to the motion before the court are drawn from the complaint [Complt.] and the exhibits to the complaint [Id. ¶ 1 (referencing attached "Initial Communication Letter" and "Debt Validation Letter")) which are considered part of

---

[2]The docket does not reflect service of process on Defendant The Albertelli Firm, P.C. ("Albertelli").  For the reasons stated infra, the court is recommending dismissal of Albertelli for failure to serve as required by Fed. R. Civ. P. 4.

2

the pleading, <u>see</u> Fed. R. Civ. P. 10(c).  And when deciding a Rule 12(b)(6) motion, the court has discretion to determine whether to accept documents beyond the pleadings.  Rule 12(d) provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d) (as amended 2009).  An exception to this rule occurs when documents central to the plaintiff's case are referred to in the complaint.  <u>See</u> <u>Brooks v. Blue Cross and Blue Shield of Florida, Inc.</u>, 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted).  Another exception allows the court to take judicial notice of certain documents attached to a motion to dismiss including public records.  <u>See</u> <u>Harford v. Delta Air Lines, Inc.</u>, 2008 WL 268820, at *2 (N.D. Ga. January 30, 2008) (citations omitted); <u>and see</u> Fed. R. Evid. 201. The exhibits attached to Defendants' motion to dismiss fall within these exceptions and are therefore considered by the court without converting the motion to dismiss to a motion for summary judgment.  [Doc. 5, Exhibit ("Exh.") A ("Security Deed"); Exh. B ("Assignment Mortgage to HSBC Mortg. Services Inc."; "Assignment Mortgage/Deed of Trust to U.S. Bank"; "Assignment Mortgage/Security Deed to U.S. Bank c/o CHL")].

3

On a motion to dismiss under Rule 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff.  Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County School Dist., 446 F.3d 1153, 1156 (11th Cir. 2006).  "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted).

On March 29, 2005, Richard Minter executed an Adjustable Rate Note ("Note") in the amount of $233,200 and executed a Security Deed on real property, 124 Glenmore Lane McDonough, Georgia 30253 (the "Property"), to secure repayment of the Note in favor of Homequest Capital Funding, LLC ("Homequest").  [Security Deed].  On October 7, 2009, the Security Deed was assigned to HSBC Mortg. Services Inc.  [Assignment Mortgage to HSBC Mortg. Services Inc.].  On April 15, 2014, the mortgage was assigned to Defendant U.S. Bank [Assignment Mortgage/Deed of Trust to U.S. Bank] and, on May 30, 2014, assigned to U.S. Bank again, in care of CHL, as the loan servicer [Assignment Mortgage/Security Deed to U.S. Bank c/o CHL].

On March 31, 2017, due to Plaintiff's default on the loan, Defendant Albertelli sent to Plaintiff a notice of foreclosure sale to be conducted on May 2, 2017, pertaining

4

to the Note and Deed to Secure Debt held by Defendant U.S. Bank.  [Complt. ¶ 1, Initial Communication Letter].  On April 27, 2017, Plaintiff sent via certified mail a letter to Defendant Albertelli seeking validation of the debt pursuant to 15 U.S.C. § 1692g(b).  [Complt. ¶ 1, Debt Validation Letter].  The next day, on April 28, 2017, Plaintiff filed the instant complaint seeking a declaratory judgment and a stay of all foreclosure proceedings.  [Complt.].  Plaintiff contends that Defendants are debt collectors as stated in the Initial Communications Letter[3] and that they violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(b), by failing to validate the debt and must cease and desist in conducting the foreclosure sale.  [Id.].

Additional facts will be set forth as needed.

## II.     Standard of Law

The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim.  Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (as amended 2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

---

[3]Typed across the bottom of the letter from Albertelli are the words: "THIS IS AN ATTEMPT TO COLLECT A DEBT[.]  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE[.]"  [Initial Communication Letter].

AO 72A
(Rev.8/82)

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); accord Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted).

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level," that is, they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67). A plaintiff's complaint will be dismissed if it does not contain "factual

AO 72A
(Rev.8/82)

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted). And, a court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")); see also Glover v. Liggett Group, Inc., 459 F.3d 1304,

7

1308 (11th Cir. 2006) (same); Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

The law establishes that "[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson, 127 S. Ct. at 2200 (citations omitted). Nevertheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

The court will apply these standards in ruling on the motion to dismiss the complaint.

## III.   Discussion

### a.   Defendants U.S. Bank and CHL

Defendants seek dismissal of the complaint contending that it is an improper shotgun pleading, that the FDCPA claim fails because neither Defendant is a debt collector and because the activity involved, a foreclosure proceeding, is excluded from the FDCPA, and that declaratory relief is not available. [Doc. 5]. Defendants also

8

point out that the complaint is a form pleading which is virtually identical to another complaint filed in this district, Baldwin v. Barrett Daffin Frappier Levine & Block, 1:17-cv-00776-AT-RGV, which has been dismissed for failure to state a claim upon with relief can be granted.  Id., report and recommendation (Doc. 9, May 1, 2017), order adopting (Doc. 11, May 26, 2017).  Defendants are correct.  And the claims asserted by Plaintiff Minter face the same fate as the same claims raised by the plaintiff in Baldwin.

### 1.    Shotgun Pleading

At the outset, the moving Defendants argue that Plaintiff's complaint is an impermissible "shotgun" pleading that fails to comply with Fed. R. Civ. P. 8(a).  [Doc. 5 at 5-6].  "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a shotgun pleading."  Beckwith v. Bellsouth Telecomms., Inc., 146 Fed. Appx. 368, 371 (11th Cir. 2005) (citation and internal quotation marks omitted)); see also PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 & n.4 (11th Cir. 2010) (discussing how "[s]hotgun pleadings impede the administration of the district courts' civil dockets").  Defendants' contention is well-taken, and as the court found in Baldwin, 1:17-cv-00776, Doc. 9 at 9-13, Plaintiff's failure to recite any facts specific to her causes of action and failure

9

to delineate causes of action in separate counts in the complaint, her inclusion of rambling legal conclusions and her use of vague and conclusory allegations constitute a shotgun pleading.  The complaint offers little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which] do not suffice" to require the court to accept as true the allegations of wrongdoing. Iqbal, 129 S. Ct. at 1949.  As stated *supra*, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . '[N]aked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Id. at 1949.  Additionally, Plaintiff Minter's pleading contains numerous legal citations and arguments which should not be included in a complaint.  See Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) ("The complaint contains whole paragraphs of legal argument, quotations, and citations which have no place in a complaint.") (citing Chevy Chase Bank, F.S.B. v. Carrington, 2010 WL 745771, at *4 (M.D. Fla. March 1, 2010) ("Huge swaths of the Amended Third Party Complaint are improper irrespective of their relevance, consisting of lengthy legal arguments, case citations, and quotations from treatises–material proper in legal memoranda, but almost never proper in a complaint.")).

Plaintiff's complaint is subject to dismissal for this reason, and consideration of the claims apparently asserted in the complaint results in a finding that she has failed to state, and cannot state, a cause of action against Defendants U.S. Bank and CHL.

## 2.     The FDCPA Claim

As noted, Plaintiff contends that Defendants U.S. Bank and CHL violated the FDCPA by failing to respond to her request to validate the debt.[4]  [Complt. ¶ 1].  To state a plausible claim for relief under the FDCPA, a claimant must allege facts sufficient to show that "'(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'"  Moore, 916 F. Supp. 2d at 1347 (citation omitted).  "Congress passed the FDCPA in 1977 to stop 'the use of abusive, deceptive, and unfair debt collection

_____

[4]Plaintiff also contends that Defendants violated O.C.G.A. § 51-1-8 by failing to comply with their legal duty to abort the foreclosure.  [Complt. ¶ 2].  However, as the court held in Baldwin, "Georgia law does not permit [Plaintiff Minter] to use § 51-1-8 as a vehicle for a substantive right of action that already exists under either federal or state law[.]"  Baldwin, 1:17-cv-00776, Doc. 9 at 5 n.7 (citing Reilly v. Alcan Aluminum Corp., 221 F.3d 1170 (11th Cir. 2000); Hanover Ins. Co. v. Carroll, 2014 WL 5472520, at *7 (N.D. Ga. March 5, 2014)).  "[T]hus, to the extent [Plaintiff is] attempting to state a separate claim under O.C.G.A. § 51-1-8, it fails[.]"  Id. (citing Federspeil v. Bank of N.Y. Mellon, 2014 WL 3860752, at *6 (N.D. Ga. August 5, 2014)).

11

practices by many debt collectors.'" <u>Crawford v. LVNV Funding, LLC</u>, 758 F.3d 1254, 1257 (11th Cir. 2014) (quoting 15 U.S.C. § 1692(a)).

Under the FDCPA, 15 U.S.C. § 1692g(b), when a timely written request for validation of a debt is received by a debt collector, it must cease collection activities until such time as it mails verification of the debt to the debtor.  Section 1692g, validation of debts, provides in pertinent part:

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt. . . .

15 U.S.C. § 1692g(b).  Plaintiff alleges that within thirty days of receiving the Initial Communication Letter, she sent to Albertelli a Debt Validation Letter, dated April 27, 2017.[5]  [Complt. ¶ 1].

---

[5]As the court noted in <u>Baldwin</u>, even assuming that the notice of foreclosure sale sent to Plaintiff by Albertelli constitutes, as Plaintiff alleges, an "initial communication with a consumer[,]" <u>see</u> 15 U.S.C. § 1692g(a), the complaint was filed one day after the debt validation letter was mailed by Plaintiff - no doubt before Albertelli even received the letter and clearly before any violation of the FDCPA had occurred.  <u>See</u> <u>Baldwin</u>, 1:17-cv-00776, Doc. 9 at 18 n.11 (citing cases).

12

Defendants U.S. Bank and CHL contend that they are not debt collectors and that Plaintiff has not properly pleaded facts raising even an inference to the contrary. [Doc. 5 at 8-11]. Plaintiff's contention that Defendants are debt collectors relies on the alleged Initial Communication Letter, sent by Defendant Albertelli - not Defendants U.S. Bank and CHL, indicating that the law firm was collecting a debt. [Initial Communication Letter]. As found by the court in Baldwin, these allegations are insufficient. Baldwin, 1:17-cv-00776, Doc. 9 at 15-18.

In Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309 (11th Cir. 2015), the Eleventh Circuit Court of Appeals held:

> We need look no further than the statutory text to conclude that, under the plain language of the FDCPA, a bank (or any person or entity) does not qualify as a 'debt collector' where the bank does not regularly collect or attempt to collect on debts 'owed or due another' and where 'the collection of any debts' is not 'the principle purpose' of the bank's business, even where the consumer's debt was in default at the time the bank acquired it.

Id. at 1311 (quoting 15 U.S.C. § 1692a(6)).[6]

---

[6]In Henson v. Santander Consumer USA Inc., 137 S. Ct. 1718 (2017), the Supreme Court affirmed the Fourth Circuit Court of Appeal's decision Henson v. Santander Consumer USA Inc., 817 F.3d 131 (4th Cir. 2016), and, in part, this circuit's decision in Davidson. The Supreme Court stated, "[T]he [FDCPA] defines debt collectors to include those who regularly seek to collect debts 'owed . . . another.' And by its plain terms this language seems to focus our attention on third party collection agents working for a debt owner-not on a debt owner seeking to collect debts for itself.

13

Prior to the decision in <u>Davidson</u>, confusion arose over whether an entity, such as a bank or mortgage company, who acquired a debt from another party *after* that debt was in default, fell within the definition of debt collector *even if* attempting to collect on the debt that it now owned.  979 F.3d at 1313-15.  The argument that the status of the acquired debt triggers whether an entity is deemed a "debt collector" is based on the exception to the definition of debt collector found in 15 U.S.C. § 1692a(6)(F)(iii).  That provision provides that "debt collector" expressly excludes "any person collecting or attempting to collect any debt . . . asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person . . . ."  15 U.S.C. 1692a(6)(F)(iii).  The Eleventh Circuit Court of Appeals, as affirmed by the Supreme Court in <u>Henson</u>, found that the exceptions set forth in § 1692a(6)(A)-(F) are not even considered *unless* an entity is found to be a "debt collector" as defined in § 1692a(6), which, "[i]n contrast to the exclusion at § 1692a(6)(F)(iii), . . . applies without regard to the default status of the underlying debt."  <u>Davidson</u>, 979 F.3d at 1314, 1316 (rejecting the plaintiff's "argument that a

---

Neither does this language appear to suggest that we should care how a debt owner came to be a debt owner-whether the owner originated the debt or came by it only through a later purchase.  All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another.'"  <u>Id.</u> at 1721.

14

non-originating debt holder is a 'debt collector' for purposes of the FDCPA solely because the debt was in default at the time it was acquired" and finding, instead, "that a person who does not otherwise meet the requirements of § 1692a(6) is not a 'debt collector' under the FDCPA, even where the consumer's debt was in default at the time the person acquired it"); and see Henson, 137 S. Ct. at 1724 ("For while the statute surely excludes from the debt collector definition certain persons who acquire a debt before default, it doesn't necessarily follow that the definition must include anyone who regularly collects debts acquired after default.   After all and again, under the definition at issue before [the Court] you have to attempt to collect debts owed *another* before you can ever qualify as a debt collector.") (emphasis in original).

Accordingly, Defendant U.S. Bank, the undisputed owner of the debt on the Property, the subject of the foreclosure notice at issue, simply is not a debt collector. The complaint does not allege that Defendant's business has as its principle purpose debt collection - nor do any inferences arise that such is the case - or allege that Defendant was attempting to collect on a "debt owed or due . . . another." 15 U.S.C. § 1692a(6).   And as to Defendant CHL, the loan servicer on the debt, the complaint fails to allege facts raising a reasonable inference that it is a "debt collector" as defined by § 1692a(6).   See Baldwin, 1:17-cv-00776, Doc. 9 at 15-17 (listing cases finding that

15

conclusory factual allegations, such as alleged in both the Baldwin complaint and the complaint filed by Plaintiff Minter, are insufficient to state a claim).  Additionally, as to both Defendants, the facts alleged in the complaint and based on the Security Deed and assignments of the loan on the Property show that Defendants' relationship with Plaintiff's loan began before the loan was in default and that Defendants, therefore, are also not "debt collectors" but fall within the exception set forth in § 1692a(6)(F)(iii). [Complt., Initial Communications Letter; Assignment Mortgage to HSBC Mortg. Services Inc.; Assignment Mortgage/Deed of Trust to U.S. Bank; Assignment Mortgage/Security Deed to U.S. Bank c/o CHL].

Plaintiff apparently did not default on the loan until sometime in early 2017. [Complt. ¶ 1, Initial Communications Letter].  The assignments to Defendant U.S. Bank, with Defendant CHL as loan servicer, occurred in April and May 2014. [Assignment Mortgage to HSBC Mortg. Services Inc.; Assignment Mortgage/Deed of Trust to U.S. Bank; Assignment Mortgage/Security Deed to U.S. Bank c/o CHL]. Thus, Defendant U.S. Bank became the debt owner and Defendant CHL became Plaintiff's loan servicer before the loan went into default.  For this additional reason, neither Defendant is, therefore, considered a "debt collector" under the FDCPA. See, e.g., Baldwin, 1:17-cv-00776, Doc. 9 at 17-18 (listing cases finding that neither a

16

consumer's creditors nor mortgage servicers qualify as debt collectors when debt was not in default when assigned); Stroman v. Bank of America Corp., 852 F. Supp. 2d 1366, 1375 (N.D. Ga. 2012) (holding that loan servicers were not "debt collectors" subject to liability under the FDCPA where they began servicing the loan when it was not in default) (citing Eleventh, Fifth and Seventh Circuit cases in support).

The court accordingly **RECOMMENDS** that the FDCPA claim against Defendants U.S. Bank and CHL be **DISMISSED WITH PREJUDICE**.[7]

### 3.    Declaratory Judgment

The complaint seeks declaratory relief requiring Defendants to abort any foreclosure activity on the Property. [Complt.].  Plaintiff cannot state a plausible claim for relief.  "[T]o pursue properly a declaratory judgment under Georgia law 'a party must establish that [a declaratory judgment] is necessary to relieve [her]self of the risk of taking some future action that, without direction, would jeopardize [her] interests.'" Milani v. One West Bank FSB, 491 Fed. Appx. 977, 979 (11th Cir. 2012) (quoting

---

[7]Having found that neither Defendant is a "debt collector," the court will not address whether the activity at issue under the facts alleged - or not alleged - in the complaint constitutes debt collection activity as defined in the FDCPA.  However, the court in Baldwin found that the activity at issue, enforcement of a security interest through foreclosure, did not constitute debt collection activity and was not, therefore, covered by the FDCPA.  Baldwin, 1:17-cv-00776, Doc. 9 at 18-20.

17

<u>Porter v. Houghton</u>, 273 Ga. 407, 408, 542 S.E.2d 491, 492 (2001)).  A declaratory judgment is unavailable in this case "because all material rights have accrued based on past events[, that is, Plaintiff's loan default,] and what Plaintiff seeks is an advisory opinion on the validity of the future act[, that is, the foreclosure sale,] of another party." <u>Id.</u>

The court accordingly **RECOMMENDS** that the motion [Doc. 5] to dismiss be **GRANTED** and that Plaintiff's claim for declaratory relief be **DISMISSED WITH PREJUDICE**.[8]

### 4.    Conclusion

For these reasons, the court **RECOMMENDS** that the claims in Plaintiff's complaint against Defendants U.S. Bank and CHL be **DISMISSED WITH PREJUDICE**.

### b.    Defendant Albertelli

As noted, the docket does not reflect service on process on Defendant Albertelli and more than ninety days have passed since the filing of the complaint on April 28,

---

[8]<u>And see</u> <u>Baldwin</u>, 1:17-cv-00776, Doc. 9 at 20 n.12 (providing other grounds for dismissing claim for declaratory relief).

2017.  [Complt.].  For the following reasons, the court recommends dismissal of the claims brought against Defendant without prejudice.[9]

Plaintiff is responsible for serving Defendant Albertelli with summons and the complaint within 90 days of the complaint being filed.  See Fed. R. Civ. P. 4(c)(1), 4(m).  Plaintiff filed the complaint on April 28, 2017 [Doc. 1]; therefore, service on Defendant should have been effected by July 27, 2017.  Plaintiff was advised of her responsibility to timely effect service of process on each Defendant.  [Doc. 4].

If a plaintiff fails to effect timely service in the manner and by the means required, Rule 4(m) provides:

> the court - - on motion or on its own after notice to the plaintiff - - must dismiss the action without prejudice . . . or order that service be made

---

[9]"'Service of process is a jurisdictional requirement:  a court lacks jurisdiction over the person of a defendant when the defendant has not been served.'"  Hemispherx Biopharma, Inc. v. Johannesburg Consolidated Investments, 553 F.3d 1351, 1360 (11th Cir. 2008) (quoting Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)).  And "[a] court without personal jurisdiction is powerless to take further action."  Innomed Tech., Inc. v. Worldwide Med. Tech., Inc., 267 F. Supp. 2d 1171, 1173 (M.D. Fla. 2003) (citing, inter alia, Posner v. Essex Insurance Co., Ltd., 178 F.3d 1209, 1214 n.6 (11th Cir.1999)).  Therefore, "[a]s a general rule, courts address issues relating to personal jurisdiction before reaching the merits of [a] plaintiff's claims[ ] . . . because a defendant not subject to the court's jurisdiction cannot be bound by its rulings."  Id. (citations omitted); see also Jackson v. Warden, FCC Coleman-USP, 259 Fed. Appx. 181, 183 (11th Cir. 2007) (because the plaintiff failed to properly serve the defendant, "[i]t was . . . improper for the district court to have reached the merits in this case and to have issued a dismissal with prejudice").

within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (as amended 2007).  Courts have interpreted the two provisions within Rule 4(m) to mean, "If good cause is present, the district court must extend time for service and the inquiry is ended.  If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service."  Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3rd Cir. 1995); see also Henderson v. United States, 116 S. Ct. 1638, 1641 n.5, 1643 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005).

Based on the docket in this case, Plaintiff has not attempted to serve Defendant in accordance with Rule 4 and has not requested an extension of time to serve Defendant either before July 27, 2017, or during the month that has elapsed since time for service expired.  She has not attempted to show good cause for failing to properly serve Defendant.  And Plaintiff's apparent negligence in effecting service does not establish good cause for not serving Defendant.  See Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) ("Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'") (citation omitted); Madison v. BP Oil Co., 928 F.

20

Supp. 1132, 1137 (S.D. Ala. 1996) ("'[C]ourts have found that factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process,' will satisfy this requirement.") (citation omitted).

"[W]hen . . . a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.  Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Lepone-Dempsey, 476 F.3d at 1282.  Examples of cases that should not be dismissed for failure to serve are "'if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"  Anderson v. Osh Kosh B'Gosh, 255 Fed. Appx. 345, 348 (11th Cir. 2006) (citing Horenkamp, 402 F.3d at 1132).[10]

First, it does not appear that the statute of limitations has run on Plaintiffs' FDCPA claim which arises out of conduct allegedly taking place in and since March 2017, when the notice of foreclosure sale was sent to Plaintiff.  See 15 U.S.C. §

---

[10]However, "the running of the statute of limitations does not require that a district court extend the time for service of process" under Rule 4(m).  Horenkamp, 402 F.3d at 1133.

AO 72A
(Rev.8/82)

1692k(d) (providing for one year statute of limitations); <u>Reese v. JPMorgan Chase & Co.</u>, 686 F. Supp. 2d 1291, 1307 (S.D. Fla. 2009) (one year statute of limitations runs from date of mailing of the initial communication alleged to be debt collection letter). Second, as true of Defendants U.S. Bank and CHL, the complaint does not state a cause of action against Defendant Albertelli.  The FDCPA applies to attorneys, but, in order to state a claim that an attorney or law firm is a "debt collector" as defined by the FDCPA, a plaintiff's complaint must contain some factual content showing that the attorney or law firm either "regularly engages in" debt collection or that its "principal purpose" is the collection of debts subject to the FDCPA.  15 U.S.C. § 1692a(6).

The complaint alleges that Defendant Albertelli "is a Debt Collector as stated in the attached 'Initial Communications Letter' and as defined in 15 U.S.C. § 1692(g)(b) [sic] . . . ."[11]  [Complt. ¶ 1, Initial Communication Letter].  This "'formulaic recitation of a cause of action's elements'" is not enough to state a claim that Albertelli is a debt collector subject to the Act.  <u>Twombly</u>, 127 S. Ct. at 1965.  The complaint must "contain[ ] enough factual content to allow a reasonable inference that the [Albertelli] firm is a 'debt collector' because it regularly attempts to collect debts." <u>Reese v. Ellis,</u>

---

[11] <u>And see</u> <u>Baldwin</u>, 1:17-cv-00776, Doc. 9 at 17 n.10 (finding that a similar disclaimer, as relied on by Plaintiff Minter, was insufficient to plead facts meeting the statutory definition of debt collector).

Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1218 (11th Cir. 2012) (finding that complaint stated a claim that the law firm was a debt collector where the complaint alleged that the defendant engaged in the business of collecting consumer debts owed to others and also alleged "that in the year before the complaint was filed the firm had sent [similar dunning notices] to more than 500 people").  As this court has stated in other cases, "'it would be unreasonable for the Court to infer that [Defendant] operates a business whose principal purpose is collecting debts on the basis of the one collection effort alleged here.'"  Barber v. Rubin Lublin, LLC, 2013 WL 6795158, at *9 (N.D. Ga. December 20, 2013) (quoting Beckles v. Aldridge Connors, LLP, 2013 WL 5355481, at *5 (N.D. Ga. February 27, 2013)).

Finally, there is no evidence that Defendant evaded service.  See Melton v. Wiley, 262 Fed Appx. 921, 924 (11th Cir. 2008) (finding that the district court did not abuse its discretion in dismissing complaint without prejudice, although the statute of limitations had run on the claims, based on the plaintiff's failure to take any action when the defendant contested sufficiency of service and due to lack of evidence the defendant evaded service or attempted to conceal defect in service); Etris v. Snyder, 2012 WL 692811, at *5 (N.D. Ga. March 1, 2012) (finding that expiration of statute of limitations did not warrant exercise of discretion because the defendant alerted the

23

AO 72A
(Rev.8/82)

plaintiff to defect in service and because the plaintiff "took no steps to investigate any potential deficiencies or to correct them").

For these reasons, the court does not recommend allowing Plaintiff additional time to perfect service upon Defendant Albertelli and **RECOMMENDS** that the complaint against Defendant be **DISMISSED WITHOUT PREJUDICE**.[12]

## IV.    Conclusion

For the above reasons and cited authority, the court **RECOMMENDS** that Defendant U.S. Bank's and CHL's motion to dismiss [Docs. 5] be **GRANTED** and that the complaint be **DISMISSED WITH PREJUDICE** as to these Defendants and

---

[12]Plaintiff is not harmed by the court *sua sponte* addressing the lack of service on Defendant Albertelli.  As set forth in the attached service order, Plaintiff will have the opportunity to present her objections to this report and recommendation, and the District Court will review any such objections *de novo*.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  Accord Martin v. Citimortgage, 2010 WL 3418320, at **2, 6 n.8 (N.D. Ga. August 3, 2010), adopted by 2010 WL 3418322 (N.D. Ga. August 25, 2010) (citing Shrivers v. Int'l Brotherhood of Elec. Workers Local Union 349, 262 Fed. Appx. 121, 125, 127 (11th Cir. 2008) (a party has notice of a district court's intent to *sua sponte* grant summary judgment when a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment which allows for objections to that determination); United States v. Willis, 273 F.3d 592, 597 n.6 (5th Cir. 2001) (noting that two concerns of notice and an opportunity to be heard were satisfied because the magistrate judge raised the issue and allowed the party the opportunity to argue against those findings to the district court); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (same)).

further **RECOMMENDS** that the complaint be **DISMISSED WITHOUT PREJUDICE**, for lack of service, as to Defendant Albertelli.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 14-01 (N.D. Ga. August 15, 2014).  The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED THIS** 5th day of September, 2017.


JANET F. KING
UNITED STATES MAGISTRATE JUDGE

25