IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICA MINTER,

        Plaintiff,

v.

THE ALBERTELLI FIRM, P.C.,
CALIBER HOME LOANS, INC.,
U.S. BANK TRUST N.A. as Trustee
for LSF8 Master Participation Trust,

        Defendants.

1:17-cv-01513-WSD

# OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [6] ("R&R"). The R&R recommends: (1) the Court grant Defendants U.S. Bank Trust N.A.'s ("U.S. Bank") and Caliber Home Loans, Inc.'s ("CHL") Motion to Dismiss [5]; and (2) dismiss claims against The Albertelli Firm, P.C. ("Albertelli") for lack of service.[1] Plaintiff Rica Minter does not oppose the motion or object to the R&R. The Court finds no plain error in the R&R and adopts the recommendations of the Magistrate Judge.

---

[1] The Court refers to U.S. Bank, CHL, and Albertelli collectively as "Defendants."

**I.   BACKGROUND**

A.   Facts[2]

On March 29, 2005, Richard Minter executed an Adjustable Rate Note ("Note") in the amount of $233,200 and executed a Security Deed on real property in McDonough, Georgia, to secure repayment of the Note in favor of Homequest Capital Funding, LLC. ([5.2]). On August 25, 2009, Homequest's nominee, Mortgage Electronic Registration Systems Inc., assigned the Security to HSBC Mortg. Services Inc. ([5.3] at 2). On March 31, 2014, HSBC assigned the mortgage to Defendant U.S. Bank. ([5.3] at 4). On May 29, 2014, HSBC assigned the mortgage to U.S. Bank again, in care of CHL, as the loan servicer. ([5.3] at 5).

On March 31, 2017, Defendant Albertelli sent to Plaintiff, "as Administer of the Estate of Richard Minter, Sr.," a notice of foreclosure sale to be conducted on May 2, 2017, pertaining to the Note and Deed to Secure Debt held by Defendant U.S. Bank. (Compl. at 2, 5). Albertelli stated at the bottom of this letter "THIS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (Compl. at 2, 5). On April 27, 2017,

---

[2]   The Court recites facts from the R&R and the record. The parties have not objected to any facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Plaintiff responded to Albertelli via certified mail identifying herself as "Owner and Administer of the Estate of Richard Minter Sr." (Compl. at 2, 7-8). Plaintiff characterized her letter as being "a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692G Sec. 908(b) that your claim is disputed." (Compl. at 7). Plaintiff further stated, "I am exercising my 'Borrowers Rights' and request validation of this debt for review and or audit." (Id.).

B. Procedural History

On April 28, 2017, the day after requesting validation of the debt, Plaintiff filed the instant complaint labeled as a "Petition for Declaratory Judgment Pursuant to Rule 57 of the Federal Rules of Civil Procedure." (Compl. at 1). Plaintiff seeks a declaratory judgment and a stay of all foreclosure proceedings. (Compl. at 4). Plaintiff contends that Defendants are debt collectors that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(b), by failing to validate the debt and must cease and desist in conducting the foreclosure sale. (Compl. at 2-4).

On May 1, 2107, the Magistrate Judge advised Plaintiff of her responsibility to timely effect service of process on each Defendant. ([4]).

On May 18, 2017, CHL and U.S. Bank filed a Motion to Dismiss Plaintiff's Complaint. ([5]). CHL and U.S. Bank seek dismissal of the Complaint,

3

contending: (1) it is an improper shotgun pleading; (2) that the FDCPA claim fails because neither is a debt collector and because foreclosure proceedings are excluded from the FDCPA; and (3) that declaratory relief is not available. ([5]). Plaintiff did not respond to the motion.

On September 5, 2017, the Magistrate Judge issued her Final R&R, which recommends granting the Motion to Dismiss filed by U.S. Bank and CHL. ([6] at 8-18). The Magistrate Judge also recommended that Plaintiff's claims against Albertelli be dismissed without prejudice because Plaintiff failed to properly serve Albertelli within the 90 days required by Fed. R. Civ. P. 4(m). ([6] at 18-24). Plaintiff does not object to the R&R and has not filed proof of service on Albertelli in response to the R&R.

## II.   DISCUSSION

### A.   Legal Standards

#### 1.   Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Where, as here, no party objects to the R&R, the Court conducts a plain error

review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

2. Motion to Dismiss Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

 B. Analysis

  1. CHL and U.S. Bank's Motion

   a. Shotgun Pleading

The Magistrate Judge concluded that Plaintiff's Complaint is an impermissible "shotgun" pleading because it fails to recite any facts specific to her causes of action, fails to delineate causes of action in separate counts, offers little more than threadbare recitals of the elements of a cause of action, and includes rambling legal conclusions and vague and conclusory allegations. ([6] at 9-10). The Court finds no plain error in the Magistrate Judge's finding that Plaintiff's Complaint is an impermissible "shotgun pleading" that fails to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure and dismissal is warranted on this basis alone. See, e.g., Osahar, 297 F. App'x at 864; Maldonado

v. Snead, 168 F. App'x 373, 377 (11th Cir. 2006); Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998).

    b. The FDCPA Claim

The Magistrate Judge also concluded that Plaintiff failed to plead facts raising even an inference that U.S. Bank and CHL are "debt collectors" under the FDCPA. ([6] at 13-17). The FDCPA prohibits debt collectors from, among other things, using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To state a claim for relief under the FDCPA, a plaintiff must allege that: (1) the defendant is a "debt collector;" (2) the challenged conduct is related to debt collection activity; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. Gardner v. TBO Capital, LLC, 986 F. Supp. 2d 1324, 1332 (N.D. Ga. 2013) (citing Reese v. Ellis, Painter, Ratteree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012)); Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011). Under the FDCPA, a "debt collector" is one who engages "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another." 15 U.S.C. § 1692a(6); see also Reese, 678 F.3d at 1218.

The Magistrate Judge found that U.S. Bank, the undisputed *owner* of the debt on the property at issue, is not a debt collector, noting that "[t]he complaint does not allege that Defendant's business has as its principle [sic] purpose debt collection – nor do any inferences arise that such is the case – or allege that Defendant was attempting to collect on a 'debt owed or due . . . another.'" ([6] at 15).

With respect to CHL, the loan servicer on the debt, the Magistrate Judge found that "the complaint fails to allege facts raising a reasonable inference that it is a 'debt collector' as defined by 1692a(6)." ([6] at 15). As Plaintiff's servicer, CHL is not liable under the FDCPA for its actions to collect the debt. See McWeay v. Citibank, N.A., 521 F. App'x 784 (11th Cir. 2013) (loan servicer was not a "debt collector" within meaning of FDCPA).

The Magistrate Judge also found that U.S. Bank became the debt owner and CHL became Plaintiff's loan servicer before the loan went into default, providing yet another reason neither could be considered a debt collector under the FDCPA. ([6] at 15).

The Magistrate Judge recommends the Court grant U.S. Bank's and CHL's motion to dismiss Plaintiff's FDCPA claim against them with prejudice. ([6] at 17). The Court finds no plain error in these findings and recommendations, and Plaintiff's FDCPA claim against U.S. Bank and CHL is dismissed with prejudice. See Slay, 714 F.2d at 1095.

c. Declaratory Judgment

The Magistrate Judge found that Plaintiff cannot state a plausible claim for declaratory relief requiring Defendants to stop any foreclosure activity on the property. ([6] at 17). The Magistrate Judge concluded that "[a] declaratory judgment is unavailable in this case 'because all material rights have accrued based on past events[, that is, Plaintiff's loan default,] and what Plaintiff seeks is an advisory opinion on the validity of the future act[, that is, the foreclosure sale,] of another party." ([6] at 17-18, citing Milani v. One West Bank FSB, 491 Fed. Appx. 977, 979 (11th Cir. 2012)). The Magistrate Judge recommends that Plaintiff's claim for declaratory relief be dismissed with prejudice. ([6] at 18).

The Court finds no plain error in these findings and recommendations, and Plaintiff's declaratory judgment claim is dismissed. See Slay, 714 F.2d at 1095.

9

## 2. Dismissal for Failure to Serve Albertelli

The Magistrate Judge recommends that the claims against Albertelli be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff filed the Complaint in this action on April 28, 2017. ([1]). Rule 4(m) required service to be made on Albertelli by July 27, 2017. The record reflects that Plaintiff failed to serve Albertelli before that deadline.

On September 5, 2017, the Magistrate Judge issued her Final R&R, notifying Plaintiff of her recommendation that the action against Albertelli be dismissed for failure to comply with Rule 4(m). Plaintiff did not object or otherwise respond to this recommendation. The Court finds no plain error in the Magistrate Judge's findings or recommendation that Plaintiff's claims against Albertelli be dismissed without prejudice because Plaintiff failed to properly serve them within the 90 days required by Rule 4(m). Plaintiffs have not shown good cause for this failure. See Slay, 714 F.2d at 1095. Accordingly, Plaintiff's claims against Albertelli are dismissed without prejudice.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [6] is **ADOPTED**.

**IT IS FURTHER ORDERED** that U.S. Bank Trust N.A.'s and Caliber Home Loans, Inc.'s Motion to Dismiss [5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against The Albertelli Firm, P.C. are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 16th day of November, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE